UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.

CRYSTAL KINLER,

Plaintiff,

vs.

WAL-MART STORES EAST, LP,

Defendant.

_________________________________/

**DEFENDANT WAL-MART STORES EAST, LP' S NOTICE OF REMOVAL**

Defendant Wal-Mart Stores East, LP ("Wal-Mart"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81 of the Federal Rules of Civil Procedure, removes to this Court the action filed in the Eighteenth Judicial Circuit Court in and for Seminole County, Florida, Case No. 2020-CA-3040, with full reservation of rights, exceptions and defenses, and in support thereof states:

**FACTUAL BACKGROUND**

1. On or about December 9, 2020, Plaintiff Crystal Kinler ("Plaintiff") commenced this action by filing a lawsuit against Non-Party Walmart Inc. in the Seventeenth Judicial Circuit Court in and for Broward County, Florida. *See* Pl.'s Complaint attached as Exhibit "A."

2. The Complaint raises a negligence claim against Wal-Mart, Inc. due to injuries Plaintiff allegedly sustained on February 7, 2017 while at the Wal-Mart store located at 1601 Rinehart Road, Sanford, Florida 32771. *See* Ex. A at ¶¶ 8-9 Specifically, Plaintiff contends "[w]hile bent over . . .[an] entire shelf collapsed landing on top of [her]" thus causing injuries. *See id*. at ¶¶ 9-12, 15.

3. Plaintiff alleges in her complaint that the damages in this case exceed

$100,000.00. *Id*. at ¶¶ 1, 6.

4. Plaintiff served her Complaint on Walmart Inc.'s registered agent on December 31, 2020. *See* CT Corporation Service of Process Transmittal Form attached as Exhibit "B."

5. Wal-Mart filed an Answer and Affirmative Defenses on January 20, 2021. See Answer and Affirmative Defenses attached as Exhibit "C."[1]

6. The Complaint alleges Plaintiff resides in Seminole County, Florida. Ex. A at ¶ 2.

7. Given the foregoing, this matter is removable based on diversity of citizenship of the parties and because the amount in controversy is in excess of $75,000.00, exclusive of interest, attorney's fees, and costs.

8. Wal-Mart attaches hereto and makes a part of this Notice a copy of the process, pleadings, and other papers filed in the Eighteenth Judicial Circuit in and for Seminole County, Florida, together with a docket sheet from the Clerk of the Court. *See* attached as Composite Exhibit "E."

9. Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

**<u>REMOVAL IS TIMELY</u>**

In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of its receipt of Plaintiff's initial Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty (30) day period commenced on December 31, 2020, when Plaintiff effectuated service of the Complaint on Wal-Mart. Venue is proper in the United States District Court for the Middle

---

[1] In her Complaint, Plaintiff named Walmart Stores, Inc. #3207 as the corporate defendant, purportedly as the owner and operator of the subject premises. The owner and operation is in-fact Wal-Mart Stores East, LP, as was noted within the responsive pleading. See screen capture from the Seminole County Property Appraiser website relecting that Wal-Mart Stores East, LP is the registered owner of the subject premises attached as Exhibit "D."

HAMILTON, MILLER & BIRTHISEL LLP

150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

District of Florida, Orlando Division, because the Eighteenth Judicial Circuit where Plaintiff filed her state court action is located in Seminole County, Florida, which is located within the United States District Court for the Middle District of Florida, Orlando Division.

**THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES**

Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

**A. Citizenship of Crystal Kinler.**

"It is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp*., 2009 WL 1532129, *3 (S.D. Fla.) (Cohn, J) (internal citations omitted). In the instant case, the Complaint alleges Plaintiff is a resident of Seminole County, Florida. Ex. B at ¶ 2. Thus, Plaintiff's residence in Seminole County, Florida is prima facie evidence of her domicile, which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz*, 2009 WL 1532129 at *3.

**B. Citizenship of Wal-Mart.**

Wal-Mart Stores East, LP is a foreign limited partnership, which is, at the time of the alleged incident, and on the date of the filing of the Complaint, a Delaware Limited Partnership with its principal place of business in Arkansas. WSE Management, LLC and WSE Investment, LLC are the only partners of Wal-Mart Stores East, LP. WSE Management LLC is the general partner and WSE Investment, LLC is the limited partner.

WSE Management, LLC and WSE Investment, LLC were, on the date of the filing of the

Complaint, and currently are Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and on the date of the filing of the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. Wal-Mart Stores East, LLC is a wholly-owned subsidiary of Walmart Inc. Walmart Inc., formerly known as Wal-Mart Stores, Inc., is, and on the date of the filing of the Complaint, a Delaware corporation. The sole member of Wal-Mart Stores East, LLC is and, on the date of the filing of the Complaint, Walmart Inc. The principal place of business for all of the above-mentioned entities is Bentonville, Arkansas and was so on the date of the filing of the Complaint.

**AMOUNT IN CONTROVERSY**

The amount in controversy exceeds $75,000.00, as Plaintiff's Complaint plainly states that "[t[his is an action for damages in excess of One-Hundred Thousand Dollars ($100,000.00), exclusive of interest costs, and attorney's fees.

A removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). "In the Eleventh Circuit, a district court may consider **the complaint** and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz*, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-1214 (11th Cir. 2007)) (emphasis added).

Here, Plaintiff's Complaint alleges damages in excess of $100,000.00, which is evidence of Plaintiff's honest assessment of her claimed damages. *See Katz*, 2009 WL 1532129 at *4. This evidence demonstrates the Plaintiff's claimed damages in the instant case exceed

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

$75,000.00. Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## CONCLUSION

This action is removable, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest, fees, and costs.

Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the Eighteenth Judicial Circuit in and for Seminole County, Florida.

**WHEREFORE**, Defendant WAL-MART STORES EAST, LP respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, filed in the Eighteenth Judicial Circuit Court in and for Seminole County, Florida, Case No. 2020-CA-3040, be removed from that court to the United States District Court for the Middle District of Florida, Orlando Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

Respectfully submitted,

**/s/ William H. Edwards**
Jerry D. Hamilton
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
William H. Edwards
Florida Bar No. 43766
wedwards@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: 305-379-3686
*Attorneys for Defendant Wal-Mart Stores East, LP*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 29, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that the foregoing document is being served this day on all counsel of record identified and pro se parties identified on the attached Service List.

**/s/ William H. Edwards**
William H. Edwards

**SERVICE LIST**

CRYSTAL KINLER, *Pro Se*
3101 Bentonshire Place
Longwood, FL 32779
Telephone: (407) 878-3060
Cell: (225) 456-1412
Fax: (407) 878-3060
Email: ckinler75@gmai1.com

6
HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690